Not for Publication

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 05-33149 (LMW) |
| NEFTALI BULTES, | ) | CHAPTER | 7 |
| DEBTOR. | ) | | |
| RAPHAEL LOPEZ, | ) | ADV. PRO. NO. | 05-3138 |
| PLAINTIFF | ) | DOC. I.D. NOS. | 70, 75 |
| vs. | ) | | |
| NEFTALI BULTES, | ) | | |
| DEFENDANT. | ) | | |

## APPEARANCES

Mark L. Bergamo, Esq.                Attorney for Plaintiff
David S. Doyle, Esq.
The Marcus Law Firm
275 Branford Road
North Branford, CT 06471


Russell Gary Small, Esq.             Attorney for Defendant
Law Office of Russell Small
1187 Broad Street
Bridgeport, CT 06604

## MEMORANDUM OF DECISION AND ORDER
## AFFORDING FURTHER OPPORTUNITY TO FILE AFFIDAVITS

Lorraine Murphy Weil, United States Bankruptcy Judge

The matters before the court are (a) the above-captioned plaintiff's (the "Plaintiff") Motion for Summary Judgment (A.P. Doc. I.D. No. 70, the "Motion")[1]; and (b) the above-referenced debtor's (the "Debtor") memorandum in opposition to the Motion (A.P. Doc. I.D. No. 75, deemed to be the Debtor's objection to the Motion, the "Objection").  This court has jurisdiction over this matter as a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and that certain Order dated September 21, 1984 of the District Court (Daly, C.J.).[2]

I.      **PROCEDURAL BACKGROUND**

   A.    **The Chapter 7 Case**

The Debtor commenced this bankruptcy case by the filing of a petition under chapter 7 of the Bankruptcy Code on June 22, 2005.  Contemporaneously with his petition, the Debtor filed his schedules and Statement of Financial Affairs (Case Doc. I.D. No. 4 (as amended by Case Doc. I.D. No. 7)).

The Bankruptcy Code § 341 Meeting of Creditors was scheduled for August 2, 2005 and October 3, 2005 was set as the bar date for filing complaints objecting to discharge and/or seeking determinations of nondischargeability.  (*See* Case Doc. I.D. No. 2.)  The Section 341 meeting was held on September 7, 2005.  On November 16, 2005, an order (*see* Case Doc. I.D. No. 12) entered granting the Debtor his chapter 7 discharge.  On March 11, 2006, the chapter 7 trustee filed a Report

---

[1]     References herein to the docket of this chapter 7 case are in the following form: "Case Doc. I.D. No. ___."  References herein to the docket of Adversary Proceeding No. 05-3138 (the "Adversary Proceeding") are in the following form: "A.P. Doc. I.D. No. ___."

[2]     That order referred to the "Bankruptcy Judges for this District" *inter alia* "all proceedings . . . arising under . . . Title 11, U.S.C. . . . . "  References herein to title 11 of the United States Code or to the Bankruptcy Code are references to the same as they appeared prior to the effective date of their amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

of No Distribution (Case Doc. I.D. No. 14) concluding that there were no assets available for distribution to creditors.

### B. The Adversary Proceeding

The Adversary Proceeding was commenced by a timely filed complaint (A.P. Doc. I.D. No. 1, the "Complaint") on September 30, 2005. The Complaint sought to have declared nondischargeable pursuant to 11 U.S.C. § 523(a)(6) a debt in respect of a Judgment (as defined below) of the Connecticut Superior Court. (*See* A.P. Doc. I.D. No. 1.) The Complaint alluded to an "assault committed by the [D]ebtor against the [P]laintiff on February 12, 2001" (*id.* ¶ 4), and relied upon the Judgment (*id.* ¶¶ 4-6). The Debtor filed an answer to the Complaint on March 13, 2006. (*See* A.P. Doc. I.D. No. 26.)

The Adversary Proceeding came on for a trial on March 17, 2008. However, that trial was limited to the admission of certain documentary evidence introduced by the Plaintiff.[3] At that point, the parties agreed to proceed pursuant to summary judgment procedure.

## II. THE MOTION, THE OBJECTION AND FURTHER PROCEEDINGS

The Motion was filed by the Plaintiff on April 30, 2008. Annexed to the Motion was the Plaintiff's Statement of Undisputed Material Facts. (*See* A.P. Doc. I.D. No. 70 (first attachment (the "Plaintiff's Factual Statement")) filed by the Plaintiff pursuant to Rule 56(a)1 of the Local Civil Rules of the United States District Court for the District of Connecticut (made applicable here by Rule 1001-1 of the Local Rules of this court).)

The Plaintiff's Factual Statement claims the following material facts as undisputed:

---

[3]   Reference to any of those exhibits hereafter appear in the following form: "Exh. ___." Exhibits A and B were admitted over the objection of the Debtor.

1. On February 12, 2001, Neftali Bultes of Waterbury, Connecticut assaulted (the "Assault") the plaintiff Raphael Lopez.[4]

2. Mr. Bultes was arrested and charged with assault in the 3rd degree.

3. On March 1, 2001, Bultes appeared before the court (Damiani, J.) and plead guilty (the "Plea") to the crime of assault in the 3rd degree.

4. On that date, Bultes was convicted (the "Conviction") of the crime of assault in the 3rd degree.[5]

5. In April, 2002, Raphael Lopez sued Mr. Bultes for personal injuries sustained in the Assault in an action entitled Lopez v. Bultes, CV-02-0171051 S, which action was heard and decided in the State of Connecticut Superior Court for the Judicial District of Waterbury at Waterbury.

6. The Lopez complaint (the "State Court Complaint") contains one count which sets forth the intentional tort of assault.

7. For that action, Bultes hired Waterbury attorney Mark Kostecki to represent him.

8. On or about September 24, 2002, Lopez obtained a default against Bultes for his failure to file a responsive pleading.

9. After a hearing in damages, on October 20, 2003, the court (Gallagher, J.) entered judgment (the "Judgment") against Bultes, in the total amount of $48,826.12.

(Plaintiff's Factual Statement). The Motion relies upon both the Conviction and the Judgment. The Motion relies upon the Conviction (on the Plea) as a judicial admission of Section 523(a)(6) intent.

---

[4] Because the Debtor failed to object to Plaintiff's Factual Statement No. 1, the Debtor is deemed to admit the fact of the Assault (if the allegation is supported by evidence). As discussed below, the Plea is evidence in that it was an admission of injury caused during the course of an assault.

[5] A condition of the Plea was that the Debtor have "no contact in person, by mail or by phone with Raphael Lopez." (A.P. Doc. I.D. No. 70, Exhibit A at 4).

The Debtor filed the Objection on May 6, 2008. Contemporaneously with his filing of the Objection, the Debtor also filed his "Local Rule 56(a)2 Statement" (A.P. Doc. I.D. No. 73, the "Defendant's Factual Statement"). In the Defendant's Factual Statement, the Debtor responded to the paragraphs of Plaintiff's Factual Statement as follows:

1. The Defendant, [a]dmits a default judgment was entered in the Superior Court State of Connecticut at Waterbury.

2. Objection to the statement of fact based upon relevance and surprise.[6]

3. Objection to the statement of fact based upon relevance and surprise.

4. Objection to the statement of fact based upon relevance and surprise.

5. Deny as to that part of the statement of fact which contends the matter was heard and decided.

(A.P. Doc. I.D. No. 73.) The Defendant's Factual Statement did not respond to paragraphs 6 through 9 of the Plaintiff's Factual Statement. (*See* A.P. Doc. I.D. No. 73.) Accordingly, the Debtor would have been deemed to have admitted those paragraphs had they been supported by the evidence. *See* D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said [Rule 56(a)1] statement and supported by the evidence will be deemed admitted unless controverted by the statement [of] . . . the opposing party. . . ."). Consequently, the statement in paragraph 6 of the Plaintiff's Factual Statement might have been problematic for the Debtor because it stated that the State Court Complaint sounded in intentional tort. However, as discussed below, that statement is *not* supported by the evidence. Moreover, at the Oral Argument (as defined below) the court

---

[6] Matters of collateral estoppel and the like are raised timely offensively if raised for the first time in a motion for summary judgment. *See, e.g., Fitch v. Fitch (In re Fitch),* 349 B.R. 133, 141 (Bankr. N.D. Tex. 2006) ("The Plaintiff gave ample notice to the Defendant of his intent to use collateral estoppel offensively when he raised the doctrine in Plaintiff's Motion for Partial Summary Judgment."). This comment also refers to objections 3 and 4, below.

- 5 -

relieved the Debtor from the consequences of any deemed admission of said paragraph 6. (*See* Oral Record of 9/8/08 Oral Argument at 2:40:07 *et seq.*)[7]

By order dated July 21, 2008, the court scheduled the Motion and the Objection for oral argument on September 8, 2008 (the "Oral Argument"). The Oral Argument was held as scheduled. At the Oral Argument, the court discussed some of the issues set forth below with counsel (and granted the Debtor the relief discussed above). The court also afforded the Debtor an opportunity to file an affidavit in support of the Objection (and a supporting memorandum); the Plaintiff was also given an opportunity to reply. (*See* Oral Record of Oral Argument at 2:35:27 *et seq.*) Neither party timely (or otherwise) filed any of the foregoing. By order dated October 28, 2008, the court directed that the Plaintiff file a certified copy of the relevant state court record. (*See* A.P. Doc. I.D. No. 79.) The Plaintiff did so on December 2, 2008. (*See* A.P. Doc. I.D. No. 81, the "State Court Record").[8]

### III. APPLICABLE LAW

#### A. Summary Judgment Standard

"Summary judgment is appropriate only if the pleadings and submissions . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *The Andy Warhol Foundation for Visual Arts, Inc. v. Hayes (In re Hayes),* 183 F.3d

---

[7] The court has broad discretion to relieve a party from his judicial admissions in the interests of justice. *See, e.g., L.P. Larson, Jr., Co. v. Wm. Wrigley, Jr. Co.,* 253 F. 914, 918 (7th Cir. 1918); *Electric Mobility Corp. v. Bourns Sensors/Controls, Inc.,* 87 F.Supp. 2d 394, 406-07 (D.N.J. 2000); *Feinman v. A.H. Bull S.S. Co.,* 107 F.Supp. 153, 155 (E.D. Pa. 1952), *aff'd,* 216 F.2d 393 (3d Cir. 1954).

[8] That filing was one day late but the court excused that lapse by order dated December 2, 2008. (*See* A.P. Doc. I.D. No. 86.)

162, 166 (2d Cir. 1999). *See also* Fed. R. Civ. P. 56(c) (made applicable here by Fed. R. Bankr. P. 7056). The movant bears the burden of establishing the absence of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) ("[T]he burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case."). The court must view all ambiguities and draw all reasonable inferences in the light most favorable to the nonmovant. *See Novak v. Blonder (In re Blonder)*, 246 B.R. 147, 150 (Bankr. D. Conn. 2000) (Krechevsky, J.) (citation and internal quotation marks omitted). Ultimately, the role of the court is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

### B.     Collateral Estoppel Effect of the Judgment[9]

Collateral estoppel, or issue preclusion, prevents a party from relitigating an issue that has been determined by a final judgment in a prior suit. *Aetna Casualty & Surety Co. v. Jones*, 220 Conn. 285, 296 (1991). The "whole premise of collateral estoppel is that once an issue has been resolved in a prior proceeding, there is no further factfinding function to be performed." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 336 n.23 (1979). The party seeking the benefit of the doctrine bears the burden of establishing its applicability. *Dowling v. United States*, 493 U.S. 342, 350 (1990).

Collateral estoppel or issue preclusion principles apply to nondischargeability proceedings in bankruptcy. *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991). Under the Full Faith and Credit Act, 28 U.S.C. § 1738, determinations regarding the preclusive effect of state court judgments are

---

[9] The effect of the Conviction and the Plea is discussed separately in part IV.A, *infra.*

made using the law of the state in which the judgment was rendered.  *See Marrese v. American Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380-81 (1985); *Spencer v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 110 (2d Cir. 2002).

Since the Judgment and the Conviction were rendered by the Connecticut Superior Court, Connecticut state law regarding collateral estoppel and issue preclusion applies in this case.  The Connecticut Supreme Court has determined that a default judgment may have the preclusive effect of collateral estoppel only if there has been a "full and fair opportunity to litigate issues and such issues were necessary to a default judgment . . . ."  *Jackson v. R.G. Whipple, Inc.*, 225 Conn. 705, 718 (1993).  *See also Virgo v. Lyons*, 209 Conn. 497, 501 (1988) ("For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action.  It also must have been actually decided and the decision must have been necessary to the judgment." (citations and internal quotation marks omitted)).  As the Connecticut Supreme Court explained in *Jackson*:

> An issue is *necessarily determined* if, "in the absence of a determination of the issue, the judgment could not have been validly rendered."  If an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action.  Findings on nonessential issues usually have the characteristics of dicta.

*Jackson*, 225 Conn. at 714-15 (citations omitted; emphasis in original).  "[T]he appropriate inquiry . . . is whether the party had an *adequate opportunity* to litigate the matter in the earlier proceeding." *Id*. at 717-18 (citation and internal quotation marks omitted; emphasis in original).  *See also FDIC v. Roberti (In re Roberti)*, 201 B.R. 614, 618 (Bankr. D. Conn. 1996) (Shiff, J.)  ("Actual litigation under Connecticut law requires a full and fair opportunity to litigate." (citation and internal quotation marks omitted)).  Whether such opportunity was afforded is a question of fact.  *See Jackson,* 225 Conn. at 717-19; *In re Roberti*, 183 B.R. at 1003.

With respect to "full and fair opportunity to litigate," the general rule is that knowledge of the attorney (or lack of knowledge) is imputed to the client. *Lebowitz v. McPike*, 157 Conn. 235, 242-43 (1968). Further, the client is bound by the acts or omissions of his attorney. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993). In Connecticut, however, that "general rule may yield . . . to the special circumstances of a case . . . [such as when] an attorney acts in bad faith or intentionally neglects the client's business . . . ." *Allen v. Nissley,* 184 Conn. 539, 543 (1981).

### C.    **Dischargeability**

"[T]he issue of nondischargeability . . . [is] a matter of federal law governed by the terms of the Bankruptcy Code." *Grogan*, 498 U.S. at 284. Bankruptcy Code § 523 sets forth the exceptions to discharge and states in relevant part as follows:

> (a)    A discharge under section 727. . . of this title does not discharge an individual debtor from any debt —
>
> . . .
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity . . . .

11 U.S.C.A. § 523(a) (West 2005).[10] Exceptions to discharge must be strictly construed in favor of the Debtor in order to effectuate the fresh start policy of bankruptcy. *Rosenblit v. Kron (In re Kron)*, 240 B.R. 164, 165 (Bankr. D. Conn. 1999) (Krechevsky, J.). The party seeking to establish an exception to the discharge of a debt bears the burden of proof by a preponderance of the evidence. *See Grogan*, 498 U.S. 279; *Ramos v. Rivera (In re Rivera)*, 217 B.R. 379, 384 (Bankr. D. Conn. 1998) (Dabrowski, J.).

---

[10]    The term "entity" includes "person." 11 U.S.C. § 101(15). The term "person" includes an "individual." 11 U.S.C. § 101(41).

For a debt to be nondischargeable as a willful and malicious injury, it must be an intentional tort which is specifically intended to injure the plaintiff. *Kawaauhau v. Geiger,* 523 U.S. 57, 61 (1998). "The word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Id.* (emphasis in original). Bankruptcy Code § 523(a)(6) is limited to intentional torts and does not except negligent or reckless torts from discharge. *Kawaauhau*, *supra* at 64. "Intentional torts generally require that the actor intend 'the consequences of an act,' not simply 'the act itself.'" *Id.* at 61-62 (citation omitted).[11] "The injury caused by the debtor must also be malicious, meaning 'wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will." *Ball v. A.O. Smith Corp.,* 451 F.3d 66, 69 (2d Cir. 2006) (citation omitted).

## IV. APPLICATION OF LAW TO FACT

### A. Effect of the Conviction and Plea

It is not clear whether, under Connecticut law, the Conviction on the Plea is collateral estoppel on the Section 523(a)(6) intent issue here. *Compare Aetna Casualty & Surety Co. v. Gentile,* No. CV93 353207, 1994 WL 109867, at *3 (Conn. Super. Ct. Mar. 22, 1994) (concluding that due to guilty plea "issue of intent was never fully litigated in the criminal proceeding and no collateral estoppel effect for conviction on a guilty plea) *with LaRosa v. Aetna Life & Casualty Co.,* No. CV 88 03405755, 1992 WL 16924, at *3 (Conn. Super. Ct. Jan. 27, 1992) (concluding that there

---

[11] The court reserves decision on the issue of whether substantial certainty of harm from the requisite act (as opposed to subjective intent to injure) is sufficient to establish "willfulness" within the meaning of Section 523(a)(6). *Cf. Sanger v. Busch (In re Busch),* 311 B.R. 657, 670 (Bankr. N.D.N.Y. 2004) (noting lack of unanimity on the point and deciding the issue in the negative; "[w]hile the court recognizes the . . . view that a substantial certainty of harm can satisfy the willfulness requirement of § 523(a)(6), it finds no support for this position." (citations and footnote omitted)).

was a lack of clear guidance from the Connecticut Supreme Court on the issue; accordingly, further hearing required to review full record of criminal proceedings.). *Cf. also Gargula v. Petersen (In re Petersen),* 315 B.R. 728 (Bankr. C.D. Ill. 2004) (noting modern trend to give collateral estoppel effect to convictions on guilty pleas). However, a plea may constitute an admission (although that admission is evidentiary only and not dispositive). *See* Colin C. Tait & Eliot D. Prescott, *Tait's Handbook of Connecticut Evidence* § 8.16.5, at 489 (4th ed. 2008). The Plaintiff argues that, because the Conviction and/or Plea constituted an admission of assault in the third degree, the Debtor admitted that the injury from the Assault was "wilful and malicious" within the purview of Section 523(a)(6).[12]

"Assault in the third degree" is defined as follows:

(a) A Person is guilty of assault in the third degree when: (1) With intent to cause physical injury to another person, he causes such injury to such person or to a third person; or (2) he recklessly causes serious physical injury to another person; or (3) with criminal negligence, he causes physical injury to another person by means of a deadly weapon, a dangerous instrument or an electronic defense weapon.

Conn. Gen. Stat. Ann. § 53a-61 (West 2009). It is true that, pursuant to the Plea, the Debtor admitted that he was guilty of assault in the third degree. However, the Debtor made no admission as to what subsection of Section 53a-61(a) he was being convicted under. An admission under subsection (1) would constitute an admission of the intent required under Section 523(a)(6). *See*

---

[12] The Plaintiff conceded at Oral Argument that he does not argue that the Conviction had collateral estoppel effect here. (*See* Oral Record of 9/8/08 Hearing at 2:09:32 *et seq.*) Rather, the Plaintiff argues that the Conviction on the Plea constituted a judicial admission (rather than an evidentiary admission). (*See id.* at 2:29:20 *et seq.*) The short answer to that argument is that such argument cannot prevail for reasons substantially similar to those stated by the court in *Automated Salvage Transport Co., L.L.C. v. Swirsky (In re Swirsky),* 372 B.R. 551, 564 n.20 (Bankr. D. Conn. 2006). In any event, the lack of specificity of the Plea (discussed below) is dispositive of the "judicial admission" issue as well.

*Kawaahau, supra.* An admission under subsections (2) and (3) would not (although an admission under *any* subsection of Section 53a-61(a) is an admission of injury caused during the course of an assault). *See Kawaauhau,* 523 U.S. at 61, 64. Accordingly, because the Plea was without the requisite specificity, neither the Plea nor the Conviction is evidence of Section 523(a)(6) intent.[13]

### B.    Collateral Estoppel Effect of the Judgment

#### 1.    "Necessary to the Judgment"

The State Court Complaint uses the term "assault" *and* the term "negligence" and never pleads "intentional" or the like. In Connecticut, there is the tort of reckless assault and battery and also a tort of negligent assault and battery (as well as intentional assault and battery). *See Krause v. Bridgeport Hospital,* 169 Conn. 1, 8-9 (1975). There is nothing in the Judgment to indicate that the Superior Court rendered the Judgment on the theory of intentional tort (which was, in any event, not pleaded). Accordingly, the Judgment is not collateral estoppel on the issue of Section 523(a)(6) intent.

#### 2.    "Full and Fair Opportunity to Litigate"

The court has reviewed the State Court Record and has determined that the Plaintiff has not made out a *prima facie* case on the "full and fair opportunity to litigate" issue for the reasons that follow.

Pursuant to a Motion for Default for Failure To Plead (which was served upon Debtor's counsel), the Superior Court granted default against the Debtor on September 24, 2002.[14] The

---

[13]    The Plaintiff cited only the first subdivision of Section 53a-61(a) in his papers and alluded only to that subdivision at Oral Argument.

[14]    The Plaintiff initially filed a Motion for Default for Failure To Appear on or about June 12, 2002 and served that motion upon the Debtor. However, on or about June 14, 2002, Mark

Plaintiff then filed a Certificate of Closed Pleadings dated December 18, 2002 (which was served upon Debtor's counsel) which indicated that a hearing in damages was to follow.[15] There is no indication in the State Court Record that notice of any such hearing date was sent to the Debtor. That lack of notice adversely impacts the "full and fair opportunity" prong of collateral estoppel and raises the following questions: (1) did the Debtor receive any notice of the hearing in damages; and (2) was such notice received in time for him to participate in the hearing in damages or to file a motion to open judgment, if necessary? *Cf. Hampton v. Morrissey*, 1993 WL 7531, at *1 (Conn. Super. Ct. Jan. 7, 1993 (The "lack of proper notice to an appearing party renders the hearing in damages fundamentally unfair . . . [and t]he judgment resulting from that hearing cannot stand . . . ."). Accordingly, the "full and fair opportunity" prong of collateral estoppel is not satisfied on this record and on this record no weight will be accorded the Judgment or the liquidation of damages effectuated therein (although as noted above, the fact of the Assault and injury resulting therefrom is established herein independently from the Judgment).

### C. **Summary Judgment Analysis**

For the reasons discussed above, the court determines that the Plaintiff has made out a *prima facie* case on the existence of a "debt" (in some unliquidated amount) and "injury" within the meaning of Section 523(a)(6) but has failed to make out a *prima facie* case on Section 523(a)(6) intent. Accordingly, the Motion cannot be granted (at least at this time).

---

Kostecki, Esq. filed an appearance on behalf of the Debtor. Consequently, the motion for default for failure to appear was denied.

[15] The Plaintiff filed a prior Certificate of Closed Pleadings, which similarly was mailed to Attorney Kostecki.

## V.    CONCLUSION

Notwithstanding the foregoing, the court believes that the matter may yet be disposed of on a summary judgment basis. Accordingly, the Plaintiff is granted until April 21, 2009 to file and serve an affidavit setting forth the details of the "fight" with the Debtor and any other matters he believes tend to prove Section 523(a)(6) intent. Subject to the same time limitation, the Plaintiff also may supplement the record with respect to "full and fair opportunity to litigate." The Debtor has until May 22, 2009 to file and serve a counter-affidavit.

It is **SO ORDERED.**

Dated: March 26, 2009                                                      BY THE COURT

*Lorraine Murphy Weil*
**Lorraine Murphy Weil**
**United States Bankruptcy Judge**